UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**Case No.:** 2:23-cv-10204-MEMF-BFM          **Date:** June 7, 2024

**Title:** *Keith A. Thomas v. Secretary, Department of Veterans Affairs*

================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** **(In Chambers) Order Dismissing First Amended Complaint with Leave to Amend and Denying Request for Appointed Counsel (ECF 11)**

This is a civil rights case filed by pro se plaintiff, Keith A. Thomas, who is proceeding in forma pauperis. Plaintiff is an employee of the United States Department of Veterans Affairs. In the operative First Amended Complaint ("FAC"), he alleges that the VA and its agents have engaged in disability discrimination and have retaliated against him. Plaintiff alleges that the VA "willfully conspired" to deny Plaintiff's request for reasonable accommodation in the form of advanced sick leave. (FAC ¶¶ 5-6.) In doing so, Plaintiff alleges, the VA violated Title VII of the Civil Rights Act of 1964 "pursuant to 42 U.S.C. § 1983." (FAC ¶¶ 7-8.)

Like the original Complaint, the First Amended Complaint must be dismissed for failure to state a claim. Neither Title VII nor § 1983 provides a proper basis for his disability discrimination claim. Moreover, the First Amended Complaint violates Rule 8 of the Federal Rule of Civil Procedure, because it does not allege sufficient facts to show that Plaintiff is entitled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:23-cv-10204-MEMF-BFM           **Date:**   June 7, 2024

**Title:**   *Keith A. Thomas v. Secretary, Department of Veterans Affairs*

===================================================================

relief. The Court therefore dismisses the First Amended Complaint with leave to amend.

## I.     Standard of Review

The Court is required to screen *pro se* complaints brought by prisoners, and to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). A complaint should be dismissed for failure to state a claim if either it does not state a valid legal theory, or it does not allege facts that establish eligibility for relief under a valid legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (the Rule 12(b)(6) standard applies in determining whether a complaint should be dismissed under 28 U.S.C. § 1915(e)(2)). A plaintiff must describe the basis for his entitlement to relief—a task that "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege sufficient factual allegations against that defendant to nudge each claim he wishes to raise "across the line from conceivable to plausible." *Id.* at 570. A pleading that raises only a "mere possibility of misconduct" is insufficient to show that the "pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks omitted).

Because Plaintiff is pro se, the Court must construe the allegations of the First Amended Complaint liberally and must afford Plaintiff the "benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Court may not dismiss a claim merely because a plaintiff provides an "imperfect statement of the legal theory" supporting his claim. *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). At the same time, the Court is not required "to accept as true allegations that are merely conclusory,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:23-cv-10204-MEMF-BFM      **Date:** June 7, 2024

**Title:** *Keith A. Thomas v. Secretary, Department of Veterans Affairs*

==================================================================

unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

## II. Plaintiff's Allegations

The First Amended Complaint alleges two causes of action: (1) disability discrimination, and (2) reprisal. (FAC ¶¶ 7, 8.) Plaintiff's FAC provides few allegations, and the allegations that are set out are conclusory. Plaintiff alleges that he is currently employed as an officer with the VA. (FAC ¶ 5.) In March 2023, the VA and its agents "caused the willful delay and denial" of Plaintiff's request for advanced sick leave. (FAC ¶ 6.) Plaintiff required an advance of sick leave, he alleges, because he used over 150 hours of his accrued sick leave to address his post-traumatic stress disorder, depression, and anxiety—conditions "caused by the unlawful one-year delay of the implementation of his approved [reasonable accommodation]." (FAC ¶ 6.) Plaintiff asserts that the VA and its agents unlawfully denied him an accommodation "based on reprisal and disability discrimination." (FAC ¶ 6.)

Plaintiff attached an eleven-page affidavit to the First Amended Complaint. The Affidavit details Plaintiff's attempts to resolve his various complaints against the VA through the Equal Employment Opportunity Commission ("EEOC"). (FAC at 6-16.) While discussing the administrative process in detail, the Affidavit does not provide any additional detail about the underlying requests to the VA for a reasonable accommodation.

Plaintiff seeks monetary damages and any other relief the Court may deem appropriate. (FAC ¶¶ 10-11.) Plaintiff also requests that the Court appoint him counsel. (FAC ¶ 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:23-cv-10204-MEMF-BFM  Date: June 7, 2024

Title: *Keith A. Thomas v. Secretary, Department of Veterans Affairs*

================================================================

### III. Analysis

#### A. Title VII and § 1983

The First Amended Complaint must be dismissed, first, because it presents no legally viable basis for Plaintiff's claims. As the District Judge explained in the order screening the initial Complaint, Title VII does not encompass discrimination on the basis of disability. (*See* ECF 6 at 2 (citing *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 n.8 (9th Cir. 2008)).) Because his Title VII claim is not viable, his attempt to raise a Title VII claim "pursuant to" § 1983 fails as well.

The Rehabilitation Act protects federal employees, like Plaintiff, from disability discrimination and provides a private cause of action for such discrimination. *See* 29 U.S.C. § 794a(a)(1). A claim brought pursuant to the Rehabilitation Act is the "*exclusive* remedy" for a disability discrimination claim brought by a federal employee. *See Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989) (emphasis added), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990); *Boyd v. U.S. Postal Service,* 752 F.2d 410, 413-14 (9th Cir. 1985) (same).

Plaintiff was pointed to the Rehabilitation Act in the initial screening order (ECF 6 at 2), but he continues to rely on "Title VII . . . pursuant to . . . § 1983" as the basis for his claim. (FAC ¶ 7.) While the Court must liberally construe Plaintiff's pro se First Amended Complaint, it may not "supply essential elements" of his claim for him. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). As such, Plaintiff's First Amended Complaint must be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:23-cv-10204-MEMF-BFM          **Date:**  June 7, 2024

**Title:**  *Keith A. Thomas v. Secretary, Department of Veterans Affairs*

================================================================

    **B.**    **Rule 8**

In dismissing the original Complaint with leave to amend, the District Judge explained that Plaintiff might be able to state a claim for disability discrimination under the Rehabilitation Act if he could show that: "(1) [he] is disabled; (2) [he] is a qualified individual, meaning that [he] could meet the essential requirements of [his] position with or without reasonable accommodation; and (3) a reasonable accommodation is possible." *See* ECF 6 at 2 (quoting *Barker v. McFerran*, No. 23-cv-00308-DMR, 2023 WL 6933357, at *6 (N.D. Cal. Oct. 18, 2023) (citations omitted)). The District Judge instructed Plaintiff that his First Amended Complaint "must supply factual allegations addressing [the foregoing pleading] requirements under the Rehabilitation Act." (ECF 6 at 2.) But the First Amended Complaint does not contain any factual allegations along these lines—only the conclusory allegation that Plaintiff is being denied a reasonable accommodation relating to sick leave.

Nor does Plaintiff state a claim for reprisal or retaliation under the Rehabilitation Act. To establish such a claim, Plaintiff must show: (1) he engaged in protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the employer's action. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (applying ADA framework for retaliation related to Rehabilitation Act violations). The First Amended Complaint does not contain any specific factual allegations to support Plaintiff's reprisal claim—only the general allegations that the VA "and its [unidentified] agents" knowingly and "with malicious intent" violated Title VII by denying Plaintiff's request for a reasonable accommodation for advanced sick leave for one year. (FAC ¶¶ 6-8.) These allegations do not suggest a causal link between any protected activity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:23-cv-10204-MEMF-BFM  **Date:**  June 7, 2024

**Title:**  *Keith A. Thomas v. Secretary, Department of Veterans Affairs*

================================================================

by Plaintiff and an adverse employment decision, and thus do not state a claim for retaliation.

The lack of allegations to support these claims requires dismissal under Rule 8 of the Federal Rule of Civil Procedure. Rule 8, which applies to pro se litigants, requires "a short and plain statement showing that the pleader is entitled to relief" where each allegation is "simple, concise, and direct." *See* Fed. R. Civ. P. 8(a), (d)(1); *see generally Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); C.D. Cal. Local Rule 83-2.2.3 (pro se litigants are bound by Local Rules and federal rules). Conclusory allegations are insufficient to satisfy that standard. *See Iqbal*, 556 U.S. at 678, 686. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. L.A. Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000) (citations and quotation marks omitted).

Here, Plaintiff has not provided sufficient allegations to show that he is entitled to relief for either disability discrimination or reprisal. His First Amended Complaint is entirely conclusory. His Affidavit does not aid his claims; it describes his problems with the EEOC *process* but does not provide any additional detail about the VA's actions underlying these claims. (*See* FAC at 7-16.) For this independent reason, Plaintiff's First Amended Complaint must be dismissed under Rule 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:23-cv-10204-MEMF-BFM     **Date:** June 7, 2024

**Title:** *Keith A. Thomas v. Secretary, Department of Veterans Affairs*

================================================================

Such dismissal is with leave to amend, however. A court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation omitted). When the District Judge dismissed the original Complaint, she put Plaintiff on notice of the original Complaint's deficiencies and gave Plaintiff an opportunity to amend his pleading to state a claim of disability discrimination under the Rehabilitation Act. (ECF 6 at 2.) The First Amended Complaint did not move the ball forward significantly. Even so, the Court cannot say that it is absolutely clear the deficiencies described in this Order could not be cured by amendment. The Court thus gives Plaintiff one more opportunity to amend.

## C.     Request for Appointed Counsel

In the body of Plaintiff's First Amended Complaint, Plaintiff requests the appointment of counsel. (FAC ¶ 9.) That request is denied.

Title 28 U.S.C. § 1915 grants the Court authority to request an attorney to represent an indigent civil plaintiff. 28 U.S.C. § 1915(e)(1). Section 1915 does not, however, authorize the federal courts to make coercive appointments of counsel. *Mallard v. U.S. D. Ct. for the S.D. of Iowa*, 490 U.S. 296, 310 (1989). Nor does any statute authorize the Court to order the expenditure of funds to compensate counsel requested pursuant to § 1915. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Given these restrictions, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:23-cv-10204-MEMF-BFM         Date: June 7, 2024

Title: *Keith A. Thomas v. Secretary, Department of Veterans Affairs*

================================================================

district court will secure counsel for an indigent civil litigant only in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances "requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision . . . ." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

In the present case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Plaintiff's claims are not unduly complex, and he has yet to put forth facts suggesting a high likelihood of success on his claims. For these reasons, the request for appointed counsel is denied at this time without prejudice.

\* \* \* \* \*

Based on the foregoing, the First Amended Complaint is **dismissed with leave to amend**.

Plaintiff may file a Second Amended Complaint fixing the problems identified in this Order **on or before July 8, 2024**.

Any Second Amended Complaint:

- Must bear the case number assigned in this case;
- Must be labeled "Second Amended Complaint";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:23-cv-10204-MEMF-BFM                Date: June 7, 2024

Title: *Keith A. Thomas v. Secretary, Department of Veterans Affairs*

================================================================

- Must be complete in and of itself—meaning it does not require the court to reference the original Complaint, or any other pleading, attachment, or document; and
- Must be signed and dated.

If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).

The Court Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form, and a blank notice of dismissal form.

Plaintiff is warned that, if he does not do one of these things within the deadline set by the Court (or seek an extension of that deadline, if he has a good reason to do so), **the Court may recommend to the assigned District Judge that the action be dismissed without further leave to amend and without prejudice for failure to prosecute and/or failure to comply with court orders**.

**IT IS SO ORDERED**.


cc:    Keith A. Thomas


Initials of Preparer:    ch